IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KELVIN LANCE WILLIAMS,

    Petitioner,                          No. CIV S-07-1146 FCD EFB P

    vs.

SUZAN L. HUBBARD, et al.,

    Respondents.                   FINDINGS AND RECOMMENDATIONS

                                /

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Currently pending is respondents' motion to dismiss on the grounds that the petition fails to state a cognizable claim for relief. As explained below, the petition fails to state a cognizable claim and must be dismissed.

**I. Facts**

      On September 24, 1979, petitioner was convicted of second degree murder and sentenced to a term of 15 years to life in prison. Pet., at 1. He has filed an application for habeas relief alleging three grounds for relief.[1] First, he claims that the Board of Prison Hearings ("BPH") has arbitrarily violated his rights under the Due Process and Equal Protection clauses of the

---

[1] Petitioner enumerates four claims, the last of which duplicates the first.

1

1  Fourteenth Amendment by extending petitioner's length of confinement. *Id.*, at 7.  In support of
2  this claim, he asserts that his sentence of 15 years to life is arbitrary in that its indeterminacy
3  permits the BPH to decide when he will be released. *Id.*, at 9.  Second, he claims that the
4  California Department of Corrections and Rehabilitations has violated various sections of the
5  California Penal Code by denying him good time and work credits.  In the final paragraph of this
6  claim, he asserts that the statutory scheme that permitted him to waive future time credits under
7  Cal. Penal Code § 2931, and instead earn them pursuant to Cal. Penalode § 2933, violated the *Ex*
8  *Post Facto* Clause and the Contracts Clause of the United States Constitution. *Id.*, at 22.

## II. Standards

A district court must entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Habeas relief is unavailable for alleged errors in the interpretation and application of state law. *Estelle v. McGuire*, 502 U.S. 62 (1991); *Engle v. Issac*, 456 U.S. 107, 119 (1982); *Butcher v. Marquez*, 758 F.2d 373, 378 (9th Cir.1985); *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir.1985).

## III. Analysis

Respondents argue that petitioner's claims are grounded in state law.  Petitioner asserts that they are grounded in federal law.  Having examined the petition and the opposition to the motion to dismiss, the court finds that petitioner articulates grounds for relief based on both federal and state law.  However, none of his grounds states a cognizable claim for relief.

### A. Federal Grounds for Relief

As noted above, petitioner attempts to assert claims for violations of the Due Process and Equal Protection clauses of the Fourteenth Amendment, the *Ex Post Facto* Clause and the Contracts Clause.  He relies on the Due Process and Equal Protection clauses of the Fourteenth Amendment to obtain relief on the allegation that the California statute permitting a defendant to be sentenced to 15 years to life is unconstitutional. *See* Cal. Penal Code §§ 187, 190.  The

starting point for addressing this contention is an acknowledgment that the States have great leeway under the federal constitution to craft criminal laws and penalties. *See Patterson v. New York*, 432 U.S. 197, 201-202 (1977). While a defendant is entitled to certain procedural protections in the imposition of a judgment and sentence, *see*, *e.g.*, *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), petitioner does not complain of procedural deficiency here. He complains of the execution of the sentence itself, i.e., the fact that he has not been released despite having served over 15 years. But this, in itself, does not violate due process or equal protection.

California has a comprehensive scheme for determining whether prisoners are suitable for release to parole. *See* Cal. Penal Code § 3041; Cal. Code Regs. tit. 15, §§ 2040, *et seq.* Petitioner does not allege facts suggesting that he unfairly has been denied release to parole. With respect to equal protection, he fails to state a claim because he does not allege disparate treatment as compared to other similarly situated individuals. *See City of Cleburne, Tex. v . Cleburne Living Center*, 473 U.S. 432, 439 (1985) (equal protection is a command that all persons similarly situated should be treated alike).

The allegation that there might be an *ex post facto* violation is similarly flawed. The petition is wholly inadequate to state such a claim. Petitioner asserts that permitting him to waive the right to earn credits under one statutory provision in exchange for earning them under a different one is an *ex post facto* law. However, the *ex post facto* clause forbids passage and application of laws that retroactively alter the definition of crimes or increase the punishment for criminal acts. *Calif. Dept. of Corr. v. Morales*, 514 U.S. 499, 504 (1995) (statute enacted after respondent's crime which permitted Board of Prison Terms to postpone subsequent parole eligibility hearings for offenders meeting certain requirements not an *ex post facto* law). Nowhere does petitioner allege that a law enacted after the events giving rise to his conviction was applied so as to increase the penalty for his crime. Thus, he states no claim under that clause.

////

As to the Contracts Clause, the assertion is simply frivolous. That provision provides that "[n]o State shall ... pass any ... Law impairing the Obligation of Contracts." U.S. CONST. art. I, § 10. Any Contracts Clause analysis begins with determining whether a state law has "operated as a substantial impairment of a contractual relationship" that pre-existed the law. *Rui One Corp. v. City of Berkeley*, 371 F.3d 1137, 1147 (9th Cir. 20024). Here, petitioner was convicted of second-degree murder and sentenced to a term in prison. He signed a document waiving the right to earn credits under one statutory provision in order to earn them under a different one. Insofar as this exchange constituted a contract, it does not appear that it was impaired by any law that went into effect after it was made. Petitioner fails to state any claim under any of the federal constitutional theories he relies upon.

**B. State Law Claims**

As noted above, petitioner claims that the CDCR violated the California Penal Code by denying him good time and work credits. This court cannot grant relief for the violation of state law. *See* 28 U.S.C. § 2254(a) (authorizing federal courts to review criminal judgments of state courts based on alleged violations of the federal Constitution, laws or treaties).

**IV. Conclusion**

For the reasons stated above, petitioner has not stated a claim for relief under the federal constitutional theories upon which he relies. Furthermore, this court cannot grant relief for alleged violations of state law. Therefore, petitioner fails to state a cognizable claim for relief. Respondents' motion must be granted.

Accordingly, it is hereby RECOMMENDED that respondents' December 26, 2007, motion to dismiss be granted and that this action be dismissed for failure to state a cognizable claim for relief.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections

1 with the court and serve a copy on all parties.  Such a document should be captioned "Objections
2 to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the
3 specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158
4 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 9, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE