IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KELVIN LANCE WILLIAMS,

    Petitioner,                    No. CIV S-07-1146 FCD EFB P

    vs.

SUZAN L. HUBBARD, et al.,

    Respondents.                ORDER

_____/

    Petitioner is a state prisoner seeking a writ of habeas corpus. See 28 U.S.C. § 2254. On March 19, 2009, the court dismissed this action, and judgment was entered. On April 7, 2009, petitioner filed a request to file a notice of appeal beyond the time permitted in the Federal Rules of Appellate Procedure. For the reasons explained below, the court grants this request.

    A timely notice of appeal is a jurisdictional prerequisite to appealing a district court's judgment. Fed. R. App. P. 4(a); see also Browder v. Director, Dept. of Corrections of Illinois, 434 U.S. 257, 265 (1978). Ordinarily, a party in a civil action must file the notice within 30 days after judgment is entered. Fed. R. App. P. 4(a). Pursuant to Rule 4 the district court may extend time if a party so moves within 30 days of the time the notice must be filed, and the party shows either excusable neglect or good cause. Fed. R. App. P. 4(a)(5). A party who seeks an extension within 30 days after time to appeal has expired need only satisfy the "good cause"

1

standard.  See State of Oregon v. Champion International Corp., 680 F.2d 1300, 1301 (per curiam) (noting the "good cause" language was added to the rule because the excusable neglect standard does not fit the situation in which an appellant seeks an extension before the expiration of the initial appeal period); see also Advisory Committee Notes to Fed. R. App. P. 4(a)(5).

Here, judgment was entered on March 19, 2009 and petitioner therefore had until April 30, 2009, to file a notice of appeal or to move for an extension of time.  Thus, his April 7, 2009, request for an extension of time is timely.  The remaining question is whether he has demonstrated good cause for the additional time he seeks

Petitioner asserts he cannot not timely file a notice of appeal because he did not receive the judgment of this court until April 1, 2009.  Within days of receiving the judgment, he was transferred from Deuel Vocational Institution, where he normally is housed, to a different prison pursuant to a writ of habeas corpus ad testificandum in Williams v. Butler, No. Civ. S-02-2223 JAM KJM P.  He was not permitted to take his legal materials with him; and, therefore he could not draft a request for a certificate of appealability.  The court finds that petitioner has shown good cause.

Accordingly, it is ORDERED that petitioner's April 7, 2009, motion for an extension of time to file a notice of appeal is granted.  Petitioner has 40 days from the date this order is served to file a notice of appeal.  A notice of appeal need be no more than a single page in which he identifies the party taking the appeal, designates the judgment being appealed and the name of the court to which the appeal is taken.  Fed. R. App. P. 3(c).  This court may evaluate whether to issue a certificate of appealability based on the filing of a notice of appeal.  The court does not intend to grant any further extensions of time.

Dated: May 1, 2009.

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE